UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEOVANI DAVID LOPEZ LOPEZ, <br><br> Petitioner, <br><br> v. <br><br> PATRICIA HYDE, Field Office Director, TODD LYONS, Acting Director U.S. Immigrations and Customs Enforcement, and KRISTI NOEM, U.S. Secretary of Homeland Security, PAMELA BONDI, U.S. Attorney General, DONALD J. TRUMP, U.S. President <br><br> Respondents. | Case No. 25-12725 <br><br> **PETITION FOR WRIT OF HABEAS CORPUS** |

1. Petitioner Geovani David Lopez Lopez is a native a citizen of Guatemala who currently resides in Massachusetts.

2. Upon information and belief, Petitioner was detained in Massachusetts by U.S. Immigration and Customs Enforcement ("ICE") and/or other federal agents acting on ICE's behalf on or about September 23, 2025, pursuant to a warrantless arrest.

3. On information and belief, Petitioner is currently being held in ICE's custody in the District of Massachusetts.

4. Petitioner is present in the United States and, on information and belief, the Department of Homeland Security ("DHS") has alleged or will allege that Petitioner was not previously admitted or paroled into the United States.

1

5. Petitioner entered the United States on March 15, 2021, and was taken into ICE custody pursuant to section 236 of the Immigration and Nationality Act ("INA") and placed in removal proceedings.

6. In an exercise of their discretion, DHS released the Petitioner from their custody on an order of recognizance on August 7, 2021.

7. On January 6, 2024, U.S. Citizenship and Immigration Services ("USCIS") granted the Petitioner's I-360, Petition for Special Immigrant Juvenile Status. As part of the grant of the I-360 petition, USCIS also granted the Petitioner Deferred Action, set to remain in effect for a period of four years from the date of the I-360 grant unless terminated earlier by USCIS. As of this date, USCIS has not terminated the Petitioner's deferred action.

8. On June 3, 2024, the Petitioner's removal proceedings were terminated by Immigration Judge Angela Munson of the Chelmsford Immigration Court. As of the date of this petition, there are no removal proceedings pending against the Petitioner.

9. Petitioner cannot be subject to mandatory detention under 8 U.S.C. § 1225(b)(1), including because Petitioner does not meet the criteria for expedited removal. *See Make the Road New York v. Noem*, No. 25-190, 2025 WL 2494908, at *23 (D.D.C. Aug. 29, 2025).

10. Petitioner cannot be subject to mandatory detention under 8 U.S.C. § 1225(b)(2), including because, as a person already present in the United States, Petitioner is not presently "seeking admission" to the United States. *See Aguiriano v. Romero v. Hyde*, No. 25-11631, 2025 WL 2403827, at *1, 8-13 (D. Mass. Aug. 19, 2025).

11. On information and belief, Petitioner was not, at the time of arrest, paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A), and therefore Petitioner could not "be returned" under

that provision to mandatory custody under 8 U.S.C. § 1225(b) or any other form of custody. Petitioner is not subject to mandatory detention under § 1225 for this reason as well.

12. Instead, as a person arrested inside the United States and held in civil immigration detention, Petitioner is subject to detention, if at all, pursuant to 8 U.S.C. § 1226. *See Aguiriano*, 2025 WL 2403827, at *1, 8-13 (collecting cases).

13. Petitioner is not lawfully subject to mandatory detention under 8 U.S.C. § 1226(c), including because he has not been convicted of any crime that triggers such detention. *See Demore v. Kim*, 538 U.S. 510, 513-14, 531 (2003) (allowing mandatory detention under § 1226(c) for brief detention of persons convicted of certain crimes and who concede removability).

14. Accordingly, Petitioner is subject to detention, if at all, under 8 U.S.C. § 1226(a).

15. As a person detained under 8 U.S.C. § 1226(a), Petitioner must, upon his request, receive a custody redetermination hearing (colloquially called a "bond hearing") with strong procedural protections. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *Doe v. Tompkins*, 11 F.4th 1, 2 (1st Cir. 2021); *Brito v. Garland*, 22 F.4th 240, 256-57 (1st Cir. 2021) (affirming class-wide declaratory judgment); 8 C.F.R. 236.1(d) & 1003.19(a)-(f).

16. Petitioner requests such a bond hearing.

17. However, on September 5, 2025, in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), the Board of Immigration Appeals issued a decision which purports to require the Immigration Court to unlawfully deny a bond hearing to all persons such as Petitioner.[1]

18. The responsible administrative agency has therefore predetermined that Petitioner will be denied a bond hearing.

---

[1] The BIA's reversal and newly revised interpretation of the statute are not entitled to any deference. *See Loper Bright Ent. v. Raimondo*, 603 U.S. 369, 412-13 (2024).

19. Petitioner is being irreparably harmed by his ongoing unlawful detention without a bond hearing. *See Aguiriano*, 2025 WL 2403827, at *6-8 (no exhaustion required because "[o]bviously, the loss of liberty is a . . . severe form of irreparable injury" (internal quotation marks omitted)); *Flores Powell v. Chadbourne*, 677 F. Supp. 2d 455, 463 (D. Mass. 2010) (declining to require administrative exhaustion, including because "[a] loss of liberty may be an irreparable harm"); *cf. Brito v. Garland*, 22 F.4th 240, 256 (1st Cir. 2021) (citing *Bois v. Marsh*, 801 F.2d 462 468 (D.C. Cir. 1986), for proposition that "'[e]xhaustion might not be required if [the petitioner] were challenging her incarceration . . . or the ongoing deprivation of some other liberty interest'").

20. The Immigration Court lacks jurisdiction to adjudicate the constitutional claims raised by Petitioner, and any attempt to raise such claims would be futile. *See Flores-Powell*, 677 F. Supp. 2d at 463 (holding "exhaustion is excused by the BIA's lack of authority to adjudicate constitutional questions and its prior interpretation" of the relevant statute).

21. There is no statutory requirement for Petitioner to exhaust administrative remedies. *See Gomes v. Hyde*, No. 25-11571, 2025 WL 1869299, at *4 (D. Mass. July 7, 2025) ("[E]xhaustion is not required by statute in this context.").

22. Accordingly, there is no requirement for Petitioner to further exhaust administrative remedies before pursuing this Petition. *See Portela-Gonzalez v. Sec'y of the Navy*, 109 F.3d 74, (1st Cir. 1997) (explaining that, where statutory exhaustion is not required, administrative exhaustion not required in situations of irreparable harm, futility, or predetermined outcome).

23. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

24. Venue is proper because Petitioner resides in Massachusetts, was detained in Massachusetts, and on information and belief is detained in the District of Massachusetts.

25. Respondent Patricia Hyde is the New England Field Office Director for U.S. Immigration and Customs Enforcement.

26. Respondent Todd Lyons is the Acting Director for U.S. Immigration and Customs Enforcement.

27. Respondent Kristi Noem is the U.S. Secretary of Homeland Security.

28. Respondent Pamela Bondi is the U.S. Attorney General.

29. Respondent Donald J. Trump is the President of the United States.

30. All respondents are named in their official capacities. One or more of the respondents is Petitioner's immediate custodian.

## CLAIMS FOR RELIEF
### COUNT ONE
### Violation of 8 U.S.C. 1226(a) and Associated Regulations

31. The allegations in the above paragraphs are realleged and incorporated herein.

32. Petitioner may be detained, if at all, pursuant to 8 U.S.C. § 1226(a).

33. Under § 1226(a) and its associated regulations, Petitioner is entitled to a bond hearing. *See* 8 C.F.R. 236.1(d) & 1003.19(a)-(f).

34. Petitioner has not been, and will not be, provided with a bond hearing as required by law.

35. Petitioner's continuing detention is therefore unlawful.

### COUNT TWO
### Violation of Fifth Amendment Right to Due Process
### (Failure to Provide Bond Hearing Under 8 U.S.C. § 1226(a))

36. The allegations in the above paragraphs are realleged and incorporated herein.

37. Because Petitioner is a person arrested inside the United States and is subject to detention, if at all, under 8 U.S.C. § 1226(a), the Due Process Clause of the Fifth Amendment to the United

States Constitution requires that Petitioner receive a bond hearing with strong procedural protections. *See Hernandez-Lara*, 10 F.4th at 41; *Doe*, 11 F.4th at 2; *Brito*, 22 F.4th at 256-57.

38. Petitioner has not been, and will not be, provided with a bond hearing as required by law.

39. Petitioner's continuing detention is therefore unlawful.

## COUNT THREE
### Violation of Fifth Amendment Right to Due Process
### (Failure to Provide an Individualized Hearing for Domestic Civil Detention)

40. The allegations in the above paragraphs are realleged and incorporated herein.

41. "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

42. The Fifth Amendment's Due Process Clause specifically forbids the Government to "deprive[]" any "person . . . of . . . liberty . . . without due process of law." U.S. CONST. amend. V.

43. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *see Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953) ("[A]liens who have once passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law"); *cf. Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 139-40 (2020) (holding noncitizens due process rights were limited where the person was not residing in the United States, but rather had been arrested 25 yards into U.S. territory, apparently moments after he crossed the border while he was still "on the threshold").

44. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" protected by the Due Process Clause. *Zadvydas*, 533 U.S. 678 at (2001)

45. The Supreme Court has thus "repeatedly recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection," including an individualized detention hearing. *Addington v. Texas*, 441 U.S. 418, 425 (1979) (collecting cases); *see also Salerno*, 481 U.S. at 755 (requiring individualized hearing and strong procedural protections for detention of people charged with federal crimes); *Foucha v. Louisiana*, 504 U.S. 71, 81-83 (1992) (same for civil commitment for mental illness); *Kansas v. Hendricks*, 521 U.S. 346, 357 (1997) (same for commitment of sex offenders).

46. Petitioner was arrested inside the United States and is being held without being provided any individualized detention hearing.

47. Petitioner's continuing detention is therefore unlawful, regardless of what statute might apply to purportedly authorize such detention.

## COUNT FOUR
### Violation of Fifth Amendment Right to Due Process
### (Substantive Due Process)

48. The allegations in the above paragraphs are realleged and incorporated herein.

49. Because Petitioner is not being provided a bond hearing, the government is not taking any steps to effectuate its substantive obligation to ensure that immigration detention bears a "reasonable relation" to the purposes of immigration detention (*i.e.*, the prevention of flight and danger to the community during the pendency of removal proceedings) and is not impermissibly punitive. *See Zadvydas*, 533 U.S. at 690; *Demore*, 538 U.S. at 532-33 (Kennedy, J., concurring). Petitioner's detention is therefore unlawful, regardless of what statute might apply to purportedly

authorize such detention.

## COUNT FIVE
## Violation of Fourth Amendment

50. The allegations in the above paragraphs are realleged and incorporated herein.

51. The Department arrested and detained Petitioner in violation of his right to be free from unreasonable search and seizure. A party claiming a Fourth Amendment violation must establish both that a seizure occurred and that the seizure was unreasonable. *Sodal v. Cook County* 506 U.S. 56, 71 S. Ct. 538, 121 L. Ed. 2d 450 (1992). A seizure is unreasonable if a balance of public and private interests implicated by the seizure favors the asserted private interest. *Id.*

52. Petitioner asserts a private interest to apply for lawful status in the United States. The Respondents have not yet asserted a reason for detaining Petitioner. The balance of Petitioner's asserted private interest outweighs the government interest.

53. Furthermore, the Respondents lacked reliable information of changed or exigent circumstances that would justify his arrest after federal immigration authorities had already decided he could pursue his claims for immigration relief at liberty when they released him from custody in 2021 after his detention by DHS.

54. For these reasons, Petitioner's arrest and detention violates the Fourth Amendment.

## COUNT FOUR
## Arbitrary and Capricious Agency Action

55. The allegations in the above paragraphs are realleged and incorporated herein.

56. The APA requires courts to "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," "contrary to constitutional right," "in excess of statutory jurisdiction, authority, or limitations," or "without observance of procedure required by law." 5 U.S.C. § 706(2)(A)—(D). A court reviewing agency

action "must assess . . . whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment" and "examin[e] the reasons for agency decisions—or, as the case may be, the absence of such reasons." *Judulang v. Holder*, 565 U.S. 42, 53 (2011) (quotations omitted).

57. Petitioner's detention and enforcement action against him under the facts alleged in this suit, including facts showing that he was detained while having a grant of a deferred action from USCIS and without any individualized evaluation of his case, are and would be arbitrary and capricious under the APA.

58. For these reasons, Petitioner's arrest and detention violates the APA.

## **PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Order that Petitioner shall not be transferred outside the District of Massachusetts;

(3) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

(4) Declare that Petitioner's detention is unlawful.

(5) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately, or, in the alternative, provide Petitioner with a bond hearing and order Petitioner's release on conditions the Court deems just and proper.

(6) Grant any further relief this Court deems just and proper.

                                          Respectfully submitted,

                                          */s/ Todd C. Pomerleau*
                                          Todd C. Pomerleau

                                          */s/ Nicole Dill*
                                          Nicole Dill

                                          *Counsel for Petitioner*

Dated: September 23, 2025