# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEOVANI DAVID LOPEZ LOPEZ )<br><br>                         )<br>            Petitioner,          )<br>                         )<br> v.                      )<br>                         )<br> PATRICIA HYDE, Field Office Director, )<br> TODD LYONS, Acting Director U.S.   )<br> Immigrations and Customs Enforcement, )<br> and KRISTI NOEM, U.S. Secretary    )<br> of Homeland Security, PAMELA BONDI, )<br> U.S. Attorney General, DONALD J. TRUMP, )<br> U.S. President                )<br>                         )<br>            Respondents.         )<br>_____ ) | Case No. 25-12725<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

## NOTICE OF VIOLATION AND MOTION FOR RELEASE UNDER *MAPP v. RENO*

Petitioner Geovani David Lopez Lopez, through counsel, notifies this Court that the Respondents have moved him to Louisiana in violation of the Court's order. The Petitioner further moves this Court for an order of immediate release pending the adjudication of his habeas corpus petition under the Court's inherent authority to grant release on bail to a habeas petitioner who warrants immediate relief and release.

Per this Court's September 23, 2025 Order Concerning Service of Petition and Stay of Transfer or Removal, "Petitioner shall not be transferred to another district unless the government provides advance notice of the intended move. Such notice shall be filed in writing on the docket in this proceeding, and shall state the reason why the government believes that such a movement is necessary and should not be stayed pending further court proceedings. Once that notice has been docketed, the petitioner shall not be moved out of the District for a period of at least 72 hours from the time of that docketing."

The government has now incarcerated the Petitioner for 10 days, and moved him over one thousand miles away, without any suggestion or evidence that he is either a flight risk or a danger to the community.

This Court has the inherent authority to release the Petitioner pending the adjudication of his *habeas corpus* petition. *See Mapp v. Reno,* 241 F.3d 221 (2d Cir. 2001). The authority to release a *habeas* petitioner *pendente lite* ensures the writ remains an effective remedy under extraordinary circumstances. *See id*. at 230. The instant situation requires such a release. Mr. Lopez Lopez's claims for relief are substantial and he is likely to prevail on their merits. The detention of Mr. Lopez Lopez bears no reasonable relation to any permissible, non-punitive purpose. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). He is neither a flight risk nor a danger. To the contrary, Mr. Lopez Lopez has an approved I-360, Petition for Special Immigrant Juvenile Status, and no criminal history.

Finally, Mr. Lopez Lopez raises serious constitutional and statutory issues that cannot be fully and fairly adjudicated if he must suffer illegal detention throughout the pendency of this litigation. This Court should therefore grant Mr. Lopez Lopez immediate release pending adjudication of his petition.

## FACTS

Petitioner entered the United States on March 15, 2021, and was taken into ICE custody pursuant to section 236 of the Immigration and Nationality Act ("INA") and placed in removal proceedings. In an exercise of their discretion, DHS released the Petitioner from their custody on an order of recognizance on August 7, 2021.

On January 6, 2024, U.S. Citizenship and Immigration Services ("USCIS") granted the Petitioner's I-360, Petition for Special Immigrant Juvenile Status. As part of the grant of the I-360

petition, USCIS also granted the Petitioner Deferred Action, set to remain in effect for a period of four years from the date of the I-360 grant unless terminated earlier by USCIS. On June 3, 2024, the Petitioner's removal proceedings were terminated by Immigration Judge Angela Munson of the Chelmsford Immigration Court.

Petitioner was arrested by ICE on September 23, 2025, and the present petition was filed at approximately 3:27 P.M. The Court's no-transfer order was issued at 5:20 P.M. that same day. On September 25, 2025, the Respondents filed a status report, informing the Court that the Petitioner was transferred to Batavia, New York on a flight that left Bedford, Massachusetts at approximately 5:05 P.M. on September 23, 2025.

On September 29, 2025, the Respondents filed their abbreviated response. In its response, Respondents conceded that this case is materially indistinguishable in relevant part, and therefore controlled, by *Doe v. Moniz*, 25-cv-12094-IT, 2025 WL 2576819 (D. Mass. Sept. 5, 2025). Neither in their September 29th response, nor at any other moment, did the Respondents notify the court of their intention to further transfer the Petitioner.

On October 2, 2025, at 1:50 P.M., counsel for Petitioner received notification through the ICE ERO Portal that Petitioner was transferred to the Jackson Parish Correctional Center in Jonesboro, Louisiana. Petitioner has relayed to counsel, through his brother, that the conditions at the Jackson Parish facility are very poor and his access to food is limited.

## ARGUMENT

I.    **This Court has authority to grant Mr. Lopez Lopez immediate release pending the adjudication of this habeas petition.**

This court may release Mr. Lopez Lopez on personal recognizance, or alternatively on bail, pending adjudication of his petition pursuant to the Court's inherent *habeas* authority. *See*

*Mapp*, 241 F.3d at 231; *Elkimya v. Dep't of Homeland Sec.*, 484 F.3d 151, 154 (2d Cir. 2007). Numerous courts within this circuit have already ordered release pursuant to Mapp in contexts involving challenges to detention, removal or a combination of both. *See, e.g., Avendaño hisnandez v. Decker*, 450 F. Supp. 3d 443 (S.D.N.Y. 2020); *D'Alessandro v. Mukasey*, No. 08-CV-914, 2009 WL 799957 (W.D.N.Y. Mar. 25, 2009); *S.N.C. v. Sessions*, No. 18 Civ. 7680, 2018 WL 6175902 (S.D.N.Y. Nov. 26, 2018); *Kiadii v. Decker*, 423 F. Supp. 3d 18 (S.D.N.Y. 2018). This Court should do the same.

Under *Mapp*, "a court considering a habeas petitioner's fitness for bail" must analyze (1) whether the habeas petition raises "substantial claims" and (2) whether "extraordinary circumstances" exist "that make the grant of bail necessary to make the habeas remedy effective.'" 241 F.3d at 230 (cleaned up). To raise a substantial claim, "the Second Circuit does not require that the petitioner convince every court, let alone the court considering the bail application, that he will succeed; rather, he need only show that his claims are 'substantial.'" *D'Alessandro*, 2009 WL 799957, at *3. This standard is largely akin to demonstrating a "likelihood of success." *See e.g., id*. at *3; *Kiadii*, 423 F. Supp. 3d at 20. At the same time, a broad range of circumstances may qualify as "extraordinary," including severe health issues, lack of flight risk or dangerousness, and the nature of the government behavior giving rise to the habeas claim. *See, e.g., Coronel v. Decker*, 449 F. Supp. 3d 274, 289 (S.D.N.Y. 2020); *D'Alessandro*, 2009 WL 799957, at *3. Where, as hise, the petitioner would face "the very outcome they seek to avoid" if they remained in detention pending determination of the merits, release is necessary to make the habeas remedy effective. *See Coronel*, 449 F. Supp. 3d at 289.

II.     **Mr. Lopez Lopez satisfies the requirements for release under *Mapp*.**

This Court should grant Mr. Lopez Lopez's motion for release. Mr. Lopez Lopez's claim

for relief is substantial and the events leading to those claims necessitate release. Each day Mr. Lopez Lopez remains in detention harms his family, hurts his community, and rewards the government for its unconstitutional attempts to discriminate against noncitizens and abridge due process protections. Releasing Mr. Lopez Lopez pending final adjudication of his petition is necessary to preserve the effectiveness of the habeas remedy.

> A.    **Mr. Lopez Lopez raises substantial claims for *habeas* relief.**

Through his *habeas corpus* petition and complaint, Petitioner seeks to protect his rights under the Due Process Clause of the Fifth Amendment. The Constitution establishes due process rights for "all 'persons' within the United States, including [noncitizen], whether their presence hise is lawful, unlawful, temporary or permanent." *Black v. Decker*, 103 F.4th 133, 143 (2d Cir. 2024) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001)). "Freedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of the liberty that the Clause protects." *Zadvydas*, 533 U.S. at 690. Immigration detention is civil, not criminal, and thus only justified when necessary to ensure a noncitizen's appearance during removal proceedings and to prevent danger to the community. *See Black*, 103 F.4th at 143 (citing *Zadvydas*).

The government's detention of Mr. Lopez Lopez is patently unjustified, as the government has not demonstrated that Mr. Lopez Lopez is either a flight risk, or a danger, or charged with any violation of law. *Cf. Zadvydas*, 533 U.S. at 690. Instead, Mr. Lopez Lopez's detention bears no "reasonable relation" to any nonpunitive government purpose. *See Zadvydas*, 533 U.S. at 690. There is no reason whatsoever to detain Mr. Lopez Lopez, and the government has not presented any reason as to why it detains him. It appears that his "detention is not to facilitate deportation, or protect against the risk of flight or dangerousness, but to incarcerate his

for other reasons," which violate the due process clause. *Demore v. Kim*, 538 U.S. 510, 532-33 (2003) (Kennedy, J., concurring); *see also German Santos v. Warden Pike Cnty. Corr. Facility*, 96 5 F.3d 203, 211 (3d Cir. 2020) ("[I]f an alien's civil detention . . . looks penal, that tilts the scales toward finding the detention unreasonable.").

B.    **Mr. Lopez Lopez's case presents extraordinary circumstances.**

Mr. Lopez Lopez's health and wellbeing and the violative circumstances of his arrest and detention all present extraordinary circumstances justifying his release during the pendency of this litigation. Furthermore, the Respondents' blatant disregard for this Court's order by transferring him to Louisiana without providing advance notice or reasons warrants the Petitioner's immediate release.

Courts may consider lack of evidence that the petitioner is a flight risk or danger to the community to establish extraordinary circumstances. *See, e.g., D'Alessandro*, 2009 WL 799957, at *3. In this case there is "no evidence whatsoever" that Mr. Lopez Lopez poses such a risk. *Id*. Rather, all evidence demonstrates that Mr. Lopez Lopez has every reason to continue working towards regularizing his immigration status and presents absolutely no danger to the community.

Finally, courts may assess the scope of the constitutional deprivation that a petitioner has experienced and the nature of the government's behavior surrounding a petitioner's detention, to support a finding of extraordinary circumstances. *See, e.g., D'Alessandro*, 2009 WL 799957, at *3 (listing "grossly defective" immigration custody reviews and petitioners unconstitutionally prolonged detention as two circumstances that qualified the case as extraordinary and exceptional). Here, the government's lack of reason and notice, and the manner in which it effectuated Mr. Lopez Lopez's arrest and detention, constitute extraordinary circumstances.

C.      **These extraordinary circumstances make the grant of release necessary to render the *habeas corpus* remedy effective.**

In light of the reasons described above, release pending the litigation of Mr. Lopez Lopez's petition is necessary to secure his an effective *habeas* remedy.

## CONCLUSION

For the above mentioned reasons, Mr. Lopez Lopez, through counsel, requests that this Court order his immediate release from custody, or in the alternative, a nominal bail amount to secure his release.

Respectfully submitted,

*/s/ Todd C. Pomerleau*
Todd C. Pomerleau

*/s/ Nicole Dill*
Nicole Dill

*Attorneys for Petitioner*