UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEOVANI DAVID LOPEZ LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>PATRICIA HYDE, Field Office Director, TODD LYONS, Acting Director U.S. Immigration and Customs Enforcement, KRISTI NOEM, U.S. Secretary of Department of Homeland Security, PAMELA BONDI, U.S. Attorney General, and DONALD J. TRUMP, U.S. President,<br><br>Respondents. | Civil Action No. 1:25-cv-12725-IT |

MEMORANDUM & ORDER

October 8, 2025

TALWANI, D.J.

In response to Petitioner Geovani David Lopez Lopez's challenge to his detention by U.S. Immigration and Customs Enforcement without a bond hearing, Respondents assert, inter alia, that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2). Respondents' Abbreviated Response 3 [Doc. No. 10].[1] Respondents also "concede that this case is materially indistinguishable in relevant part" from the court's decision in Doe v. Moniz, __ F. Supp. 3d __, 2025 WL 2576819 (D. Mass. Sept. 5, 2025), and state that, "[s]hould the Court apply the same

---

[1] Respondents do not challenge this court's jurisdiction to adjudicate the Petition [Doc. No. 1], which was docketed on September 23, 2025, at 3:26 p.m, prior to Petitioner's 5:05 p.m. departure on a flight to another district. See Aff. of Keith Chan ¶ 8 [Doc. No. 13-1]. The court's Order to Show Cause [Doc. No. 12] is discharged where Respondents have made a sufficient showing by affidavit that that departure occurred sixteen minutes before entry of the court's Order [Doc. No. 4] staying any such transfer without 72 hours' notice, and where Respondents report that Petitioner is presently detained in Massachusetts again. See Response to Order to Show Cause 2 [Doc. No. 13].

reasoning of *Doe*, it would reach the same result here, such that § 1226 would govern Petitioner's detention." Id. at 4.

Here, nothing in the record indicates that Petitioner was detained under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226. The court finds that the reasoning in Doe, in similar cases in this district and in other districts, and in this court's recent decision in Elias Escobar v. Hyde, et al., 2025 WL 2823324 (D. Mass. Oct. 3, 2025), remains correct. The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), is unpersuasive and does not change the analysis. See Elias Escobar, 2025 WL 2823324, *3 (citing cases reaching the same conclusion).

Accordingly, the Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED as follows. No later than October 15, 2025, Lopez Lopez must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), Respondents shall so advise the court so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Lopez Lopez in custody following a bond hearing shall set forth the reasons for the continued detention.

    IT IS SO ORDERED.

October 8, 2025                                              /s/ Indira Talwani
                                                                           United States District Judge